# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

**PASTOR MACHUCA-SECUNDINO,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No. 5:16-cv-09266**

**D. L. YOUNG, Warden,**
**FCI Beckley,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiffs' *pro se* complaint filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and that this action removed from the docket of the Court.

## I. Relevant History

On September 30, 2016, Petitioner filed a petition for habeas relief in the United States District Court for the Northern District of West Virginia. (ECF No. 1). That same day, United States Magistrate Judge Michael John Aloi entered an order transferring the petition to this district. (ECF No. 2). The case was docketed and assigned to the Honorable Irene C. Berger, United States District Judge, and was referred to the undersigned United

States Magistrate Judge for findings of fact and recommendations for disposition. (ECF No. 4). On October 11, 2016, the undersigned entered an order instructing Petitioner to either pay the $5.00 filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 5). Petitioner was advised that a failure to do one or the other might result in a recommendation of dismissal. (*Id.*).

On October 21, 2016, Petitioner filed a Motion for Abeyance and an unfinished Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 6, 7). In the Motion for Abeyance, Petitioner indicated that certain congressional acts slated to be signed into law were relevant to his case. (ECF No. 6). Consequently, he asked the Court to grant his *in forma pauperis* application and give him a period of abeyance through January 20, 2017. (*Id.*). On December 20, 2016, the undersigned issued a second order, advising Petitioner that he still needed to either submit a completed Application to Proceed Without Prepayment of Fees and Costs, or pay the filing fee. (ECF No. 8). Petitioner was again warned that his failure to comply with the order might result in a recommendation of dismissal.

On February 27, 2017, after receiving no response to the second order, the undersigned issued a Show Cause Order, restating the procedural history and advising Petitioner that he had thirty days from the date of the order in which to demonstrate his intention to pursue the action. (ECF No. 9). Petitioner was again instructed to pay the filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs and provide a showing of good cause to retain the proceeding on the Court's docket. (*Id.*) The order was sent to Petitioner via certified mail, return receipt requested. On March 6, 2017, the return receipt was filed with the Clerk's Office, indicating that Petitioner had received the Show Cause Order on March 2, 2017. (ECF No. 10). Although

more than thirty days has expired since receipt of the order by Petitioner, he has failed to comply with any of the three orders issued herein. Likewise, Petitioner has made no effort to prosecute his petition.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Petitioner received three orders notifying him of his obligation to pay the filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs. Petitioner was further advised that his failure to fulfill that obligation might result in dismissal of his petition. Notwithstanding these orders, Petitioner never paid the filing fee or submitted a fully completed application. Petitioner indicated in his motion for abeyance that he was waiting for some helpful legislation to be signed into law in January 2017; however, January came and went with no action on the part of Petitioner to respond to the orders or pursue his petition. These failures add up to a case history of Petitioner proceeding in a deliberately dilatory fashion. Petitioner's case has been pending on the court's docket for over six months and he has been given six months to comply with the Court's directive, but has failed to do so. Thus, Petitioner is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendant, although in this proceeding, the prejudice is admittedly minimal. Nevertheless, considering that Petitioner has entirely disregarded court orders and has made no effort

to pursue his petition or contact the Court in almost six months, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96.

Although a dismissal is warranted, the undersigned **FINDS** that dismissing the petition with prejudice would be an unnecessarily severe sanction. Fed. R. Civ. P. 41(b) provides that a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the dismissal order states otherwise. Given that the petition concerns the deportation of Petitioner upon completion of his sentence, and his sentence will not be discharged until November 24, 2018 (*see* www.bop.gov/inmateloc/) the undersigned concludes that a dismissal, without prejudice, would be most appropriate.

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the

Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Berger and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

**DATED**: April 11, 2017

Cheryl A. Eifert
United States Magistrate Judge